

Bryan N. DeMatteo
bryan@demfirm.com

June 13, 2017

**VIA CM/ECF**
The Honorable Judge Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:        Request to File Motion for Leave to Seek Discovery
           Prior To A Rule 26(f) Conference/Pre-Motion Conference

           LHF Productions, Inc. v. Doe—24.146.212.177 *et al.*
           Civ. A. No. 1:17-cv-01530-NGG-CLP

Dear Judge Garaufis:

   DeMatteo Law, PLLC represents LHF Productions, Inc. ("Plaintiff") in the above-identified copyright action against unnamed Doe Defendants.  Plaintiff is writing to request leave pursuant to Fed. R. Civ. P. 26(d)(1) to serve Rule 45 subpoenas to conduct limited, one-hour depositions of certain individuals identified by Internet Service Providers ("ISPs") as subscribers associated with Internet Protocol ("IP") addresses used by Defendants to infringe Plaintiff's rights.  These subscribers have either failed to respond to Plaintiff's numerous attempts at contact, or otherwise expressed unwillingness to cooperate with Plaintiff to identify infringing individuals.  While Plaintiff maintains that this unresponsiveness and lack of cooperation provides it with a Rule 11 basis to move forward against these subscribers, Plaintiff desires to do all it can to ensure that innocent persons are not named in the present action.  Plaintiff believes that the requested discovery will help it efficiently ascertain the relationship of the uncooperative subscribers to any possible infringers, so that the proper individuals may be named in an amended complaint, which Plaintiff intends to file and serve shortly.  Alternatively, Plaintiff requests a pre-motion conference, at which it will request the above-identified relief.

   Plaintiff filed the instant action for copyright infringement on March 17, 2017.  *See* D.I. 1.  On March 22, Plaintiff filed motion for leave to take early discovery from various ISPs to learn the names, addresses and email addresses of Internet subscribers who provided Internet access to the Doe Defendants who infringed Plaintiff's rights.  *See* D.I. 6-8.  The Court granted Plaintiff's request on March 24, 2017.  *See* D.I. 9.  Subpoenas were prepared and served on the ISPs within a week thereafter, with responses being received by Plaintiff approximately one month after that.  The Court thereafter granted Plaintiff's request to extend the Rule 4(m) deadline to August 15, 2017.  *See* D.I. 19.

   Plaintiff attempted to contact the identified subscribers in May, 2017.  As explained, in Plaintiff's Letter Motion Requesting an Extension of the Rule 4(m) Deadline (*See* D.I. 18), such

**DeMatteo LAW**
PLLC

efforts typically result in productive dialogue that either succeeds in identifying the proper Defendants or streamlines the case by facilitating early settlement and identifying innocent and/or unnecessary parties for dismissal.  Indeed, in the present case, subscriber contact has already resulted in settlement or dismissal with respect to seven Doe Defendants.  Despite this success, however, eight subscribers have failed to respond to Plaintiff's attempts at contact or otherwise expressed their unwillingness to cooperate.

In a small number of cases, a subscriber identified by an ISP is not the individual who used an IP address to infringe Plaintiff's rights.  If the subscriber is unwilling to provide Plaintiff with facts concerning his/her relationship to a potential defendant, or even to respond to Plaintiff's informal communications—which is his/her right—Plaintiff is left with only two choices: either (a) proceed against the subscriber and seek dismissal or substitution of another party if it is determined during discovery that the subscriber is not the responsible party, or (b) seek early discovery to further investigate the relationship between the subscriber and the true infringer. Plaintiff submits that early discovery, and specifically limited depositions, provides the most efficient and least burdensome way to identify responsible parties.

A party may seek discovery prior to a Rule 26(f) conference on good cause shown.  *See* Fed. R. Civ. P. 26(d)(1); *see also In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. 2015) ("Courts in this [Eastern] District and in the Southern District of New York generally require a showing of 'good cause' prior to permitting expedited discovery prior to a Rule 26(f) conference.") (quoting *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)).  Courts routinely find good cause where: (1) plaintiff makes a *prima facie* showing of a claim of copyright infringement; (2) plaintiff submits a specific discovery request; (3) there is an absence of alternative means to obtain the subpoenaed information; (4) there is a central need for the subpoenaed information; and (5) defendants have a minimal expectation of privacy.  *See, e.g., Arista Records*, LLC v. Doe, 604 F. 3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Bloomberg, L.P. v. Doe*, 2013 U.S. Dist. LEXIS 130034 (S.D.N.Y. 2013); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. 2015).

There is good cause for the requested Rule 45 depositions.  Plaintiff's Complaint sets forth a *prima facie* claim of copyright infringement. D.I. 1 (Complaint) at ¶¶ 14-15, 29-41 55-64; Ex. B. Plaintiff's discovery request is also specific and narrowly tailored, seeking only a one-hour deposition of each unresponsive or uncooperative subscriber to explore limited subject matter concerning the relationship between the subscriber and the infringing individual(s).  This information cannot be obtained via other means, as the Doe Defendants' infringement is identifiable at this stage only by an IP address and associated subscriber.  There is also a central need for this information because Plaintiff must identify liable parties to maintain this action. Finally, courts in New York have found that persons engaging in the downloading and distribution of copyrighted works, such as Defendants in this case, have very little expectation of privacy. *See, e.g., Arista Records*, 604 F.3d at 124 (finding that a party's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network [is] insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

DeMatteo Law
PLLC

Early Rule 45 discovery also provides several advantages at this stage.  As described above, Rule 45 discovery substantially reduces the likelihood of naming and proceeding against parties who, upon a nominal investigation, are not responsible for the alleged copyright infringement. Early Rule 45 discovery also helps identify innocent and unnecessary parties far sooner than traditional discovery and, for this reason, is less expensive and burdensome on such individuals. Further, unlike with typical party discovery, early Rule 45 discovery requires Plaintiff to compensate each subscriber for attendance at and participation in a deposition, including providing a witness fee and travel expenses.  Formal service of a Rule 45 subpoena also further ensures that subscribers are notified of the claim.  Perhaps most importantly, because a subscriber is required to respond to an FRCP 45 subpoena, early Rule 45 discovery will likely prompt the unresponsive and uncooperative subscribers to finally respond to Plaintiff's efforts to investigate their relationship to the proper defendants, even if only to verify that they are not involved in the infringing activity.  This last point is particularly important, as plaintiffs in BitTorrent litigation are invariably faced with an active Internet community of lawyers and other individuals who routinely advise subscribers to ignore and obstruct plaintiffs' investigations in an effort to thwart legitimate copyright enforcement. *See, e.g., Killer Joe Nevada v. Doe*, 6:15-cv-00494-ST, Dkt. 27 (D. Or. Oct. 5, 2015) (ordering sanctions against a defendant who failed to respond to a Rule 45 subpoena on advice provided by various Internet web sites that oppose copyright enforcement in BitTorrent cases).

The balance of equities also supports early Rule 45 depositions. The subscribers identified by the ISPs provided Internet service used to traffic in numerous copyright titles.  Subscribers should not be allowed to shield, immunize and anonymize from liability those to whom they provide Internet access.  Any burdens resulting from attendance of a one-hour Rule 45 deposition would be minor, are necessitated by the subscribers' unresponsiveness and lack of cooperation and, in any event, should be balanced against the significant harm the subscribers have already caused, even if unwittingly, by allowing others to use their Internet services to infringe the rights of Plaintiff and others.

For the foregoing reasons, Plaintiff respectfully requests leave pursuant to Fed. R. Civ. P. 26(d)(1) to serve Rule 45 subpoenas to conduct limited one-hour depositions of the unresponsive and uncooperative subscribers.  Alternatively, Plaintiff requests a pre-motion conference, at which it will request the above-identified relief.

Respectfully submitted,

DeMatteo Law, PLLC

/s/ *Bryan N. DeMatteo*
Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff*

3